IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLLIE JOHNSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2609 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Ollie Johnson, Jr., proceeding pro se and in forma pauperis, filed a federal habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Pending before the court are respondent's motion for summary judgment (Docket Entry No. 15), to which petitioner has responded (Docket Entry No. 21), and petitioner's motion to amend his petition (Docket Entry No. 7).

Having considered the motions, the response, the pleadings, the record, and the applicable law, the court will grant respondent's motion for summary judgment, deny petitioner's motion to amend his petition, and deny habeas corpus relief for the reasons addressed below.

## I.   Procedural History and Claims

Petitioner pleaded guilty to the felony offense of unauthorized use of a motor vehicle in the 361st District Court of

Brazos County, Texas.   Following his plea of "true" to two enhancement paragraphs, the trial court sentenced petitioner to twelve years' confinement in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ).  Petitioner did not file an appeal.  His state court habeas application was denied by the Texas Court of Criminal Appeals without a written order on findings of the trial court without a hearing.  <u>Ex parte Johnson</u>, Application No. 58,303-01, at cover.

Petitioner's pending federal habeas corpus petition raises the following grounds for relief:

(1)  mistake of fact;

(2)  ineffective assistance of counsel;

(3)  insufficient evidence;

(4)  illegal sentence; and

(5)  actual innocence based on newly-discovered evidence.

Respondent moves for summary judgment and argues that petitioner's claims are procedurally defaulted or fail as a matter of law.  Before reaching respondent's motion for summary judgment, the court will consider petitioner's motion to amend his habeas petition.

## II.  <u>Petitioner's Motion to Amend Petition</u>

Petitioner seeks leave to amend his habeas petition to add "newly discovered evidence" to the facts alleged in his original

petition, and to change his "insufficiency of the evidence" ground to one of "no evidence."  These proposed amendments are unnecessary.  Petitioner need not amend his petition to add new factual allegations to existing claims.  Moreover, any sufficiency challenge brought in a federal habeas action is limited to the standard of review established in <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2788 (1979) ("[W]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").  Regardless, and as the court later addresses, petitioner's sufficiency challenge is procedurally defaulted and will not be considered.

Accordingly, petitioner's motion to amend his habeas petition (Docket Entry No. 7) will be denied.

### III.  <u>Motion for Summary Judgment</u>

**A.   Summary Judgment Standard of Review**

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment, the court must determine whether the summary judgment evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  The party moving for

summary judgment has the initial burden of demonstrating the absence of a material fact issue.  The movant must meet this burden by presenting evidence in the record showing that the nonmovant cannot carry its burden of proof at trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  Once the movant has met this burden, the non-movant must present specific facts showing that there is a genuine issue for trial.  Id.

All evidence must be construed in the light most favorable to the nonmoving party without weighing evidence, assessing probative value, or resolving factual disputes.  Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).  However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue.  Wallace v. Texas Tech University, 80 F.3d 1042, 1047 (5th Cir. 1996).  Nor is the nonmovant's burden satisfied by casting "some metaphysical doubt as to material facts" or where only a scintilla of evidence has been brought forth.  Fiesel v. Cherry, 294 F.3d 664, 667 (5th Cir. 2002).

**B.    AEDPA Standard of Review**

This habeas petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given

effect to the extent possible under the law.  <u>Bell v. Cone</u>, 122 S. Ct. 1843, 1849 (2002).  The "AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court habeas determinations by limiting the scope of collateral review and raising the standard for federal habeas relief."  <u>Robertson v. Cain</u>, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1518 (2000); 28 U.S.C. § 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing Supreme Court law or confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent.  <u>Early v. Packer</u>, 123 S. Ct. 362, 365 (2002).  A state court may unreasonably apply federal law if it identifies the correct governing legal rule from the Supreme Court but unreasonably applies it to the particular facts of the state prisoner's case, or either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not

apply or unreasonably refuses to extend that principle to a new context where it should apply.  <u>Williams</u>, 120 S. Ct. at 1520.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1043 (2003).  A federal habeas court must presume the underlying factual determinations of the state court to be correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Miller-El</u>, 123 S. Ct. at 1036.  This presumption is particularly strong when the state habeas court and trial court are one and the same.  <u>Foster v. Johnson</u>, 293 F.3d 766, 776 (5th Cir. 2002).

## IV.  <u>Analysis</u>

### A.  Mistake of Fact

Petitioner pleaded guilty to the felony offense of intentionally and knowingly operating a 1979 Datsun truck, license number 2LT-T04, without the effective consent of the owner, James Woodham.  <u>Ex parte Johnson</u>, p. 24.  Petitioner now claims, as he did in his state habeas action, that this was a mistake because he did not know the truck was stolen.  Petitioner asserts that he was

-6-

"test driving" the vehicle as a mechanic working for Glenn Newton when he was stopped by police for driving a stolen vehicle.  Glenn Newton submitted a post-judgment affidavit stating that although Newton bought the truck from someone who never gave him title or a purchase receipt, he "had no reason to believe the truck was stolen."  Ex parte Johnson, p. 6.  Petitioner alleges that when he was stopped by the police, he told them he was working on the vehicle for his boss, Glenn Newton.  Id. at 7-9.  In their probable cause statement, however, the police officers testified that when they stopped petitioner he looked at them and ran off, leaving behind a female passenger in the vehicle.  Id. at 45.  The officers gave chase, and after he was apprehended, petitioner told them that he had been working on the vehicle for a couple of months and did not know it was stolen.

Petitioner claims that he was unaware of Glenn Newton's defensive evidence because he did not talk with Newton or receive Newton's affidavit until after the guilty plea.  (Docket Entry No. 21, p. 5)  This claim was rejected by the state court on collateral review, which made the following relevant findings:

> 2.   Applicant has alleged no fact supported by the record which entitles him to relief.
>
> 3.   Applicant concedes, in the instant application, that he was aware of the alleged defensive evidence (that he believed Glenn Newton to be the owner of the vehicle in question) before he plead [sic] guilty.

-7-

Ex parte Johnson, p. 70 (parenthetical in original).  These factual determinations are presumed correct unless rebutted by petitioner with clear and convincing evidence, which he has not done.  28 U.S.C. § 2254(e)(1).  An independent review of the record clearly shows that petitioner was aware of Glenn Newton's defensive evidence prior to the time petitioner entered his guilty plea. Ex parte Johnson, pp. 6-10.  Habeas relief will be denied under this ground.

**B.   Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standards set out in Strickland v. Washington, 104 S. Ct. 2052 (1984).  To assert a successful ineffectiveness claim a petitioner must establish both constitutionally deficient performance by his counsel and actual prejudice as a result of his counsel's deficient performance.  Id. at 2064.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  Strickland, 104 S. Ct. at

2064.  In determining whether counsel's performance was deficient judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  Strickland, 104 S. Ct. at 2066.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 2068.  To determine prejudice the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled.  Id.

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea.  Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000).  If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.  James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995).

Petitioner claims that his plea was involuntary because trial counsel failed to investigate the case, prepare a defense, or interview witnesses.  These claims were presented to and rejected by the state court on collateral review, which made the following relevant findings:

> 2.   Applicant has alleged no fact supported by the record which entitles him to relief.
>
> 3.   Applicant concedes, in the instant application, that he was aware of the alleged defensive evidence [that he believed Glenn Newton to be the owner of the vehicle in question] before he plead [sic] guilty.
>
> 4.   Based on the credible affidavit of trial counsel, Louis Gimbert, Applicant did not inform Gimbert of any possible defenses and did not provide names of any potential witnesses, before his plea of guilty.

Ex parte Johnson, pp. 70-71.  The state court concluded that

> 2.   A review of Applicant's claims of ineffective assistance of counsel establishes that Applicant fails to show deficient performance of trial counsel, much less harm, in the following areas:   (a) the alleged failure to conduct an independent investigation;  (b) the alleged failure to inquire as to any defense;  (c) the alleged failure to interview witnesses.

Id. at 71.  In short, the state court found that petitioner did not tell counsel about Glenn Newton or any other potential witness or

defense, even though petitioner was aware of Glenn Newton's purported defensive evidence. An independent review of the record fails to show clear and convincing evidence to the contrary. Moreover, once a guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings prior to the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Therefore, to the extent petitioner complains that trial counsel failed to adequately investigate the case, prepare a defense, or interview witnesses, these are non-jurisdictional matters unrelated to the voluntariness of his plea, and are waived by the guilty plea. See United States v. Broce, 109 S. Ct. 757 (1989).

The state court on collateral review further found that

5. During his plea of guilty, Applicant entered into the following stipulation:

I do further admit and judicially confess that I unlawfully committed the acts alleged in the indictment/ information in this cause at the time and place and [in] the manner alleged and that such allegations are true and correct, [and] that I am in fact GUILTY of the offense alleged.

I voluntarily enter my plea of GUILTY to said offense, and my plea is not influenced by any considerations of fear or any persuasion or any promises of any kind. In making my plea of guilty, I am not relying on any agreement not made known to the Judge at this time.

Ex parte Johnson, pp. 70-71. A defendant's solemn declaration in court carries a strong presumption of truth. Lott v. Hargett, 80

-11-

F.3d 161, 167-68 (5th Cir. 1996).  Although a defendant's attesta-
tion of voluntariness at the time of the plea is not an absolute
bar to later contrary contentions, it places a heavy burden upon
him.  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).  He
must show such a strong degree of misunderstanding, duress, or
misrepresentation by the court, prosecutor, or his own counsel that
his plea would become a constitutionally inadequate basis for
imprisonment.  Id.  Petitioner does not meet this burden.

     To the extent petitioner contends that counsel induced his
plea by threats of a harsher sentence if he proceeded to trial,
such an argument does not render a guilty plea involuntary.  See
North Carolina v. Alford, 91 S. Ct. 160 (1970).  Further, peti-
tioner's complaint that he was denied the right to confront
witnesses was waived by his guilty plea.

     Nor does the record demonstrate prejudice.  In order to prove
prejudice petitioner must show that but for counsel's alleged
deficiencies, he would not have pleaded guilty and would have
insisted on going to trial.  Hill v. Lockhart, 106 S. Ct. 366
(1985).  Here, petitioner explicitly claims that he pleaded guilty
because (a) he had no evidence to prove Glenn Newton gave him the
vehicle keys; (b) he could not afford to hire an attorney to
investigate; (c) he had a bad criminal background; (d) he was
losing his girlfriend; (e) he spent over two months in jail and
would have to stay longer for trial; and (f) he took his attorney's

-12-

advice to plead guilty.  <u>Ex parte Johnson</u>, Applicant's Motion [to] Request Leave of Court, p. 2.  It is clear from these admissions that petitioner pleaded guilty for personal reasons unrelated to trial counsel, and no reasonable probability is shown that but for counsel's alleged deficiencies, petitioner would not have pleaded guilty.

The state court on collateral review found that petitioner failed to meet his burden of proving ineffective assistance of counsel under <u>Strickland</u>.  The Court of Criminal Appeals based its denial of habeas relief on these findings.  This court will not grant habeas relief unless the state court determination conflicted with <u>Strickland</u>, or was based on an unreasonable determination of the facts under the evidence.  28 U.S.C. § 2254(d).  The state court's findings were not in conflict with <u>Strickland</u>, and were not unreasonable determinations of the facts in evidence.  Respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of trial counsel.

## C.   Insufficient Evidence

Petitioner contends that the evidence is insufficient to support his guilty plea.  By that plea, however, he relieved the State of its burden to put forth evidence sufficient to sustain his conviction.  As already discussed, his guilty plea was knowing, intelligent, and voluntary.  By entering said plea petitioner waived his right to demand evidence to sustain his conviction.  <u>See</u>

-13-

Broce, 109 S. Ct. at 762.  Any failure of the state court to require evidence of guilt corroborating a voluntary plea raises no federal constitutional issue.  Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986).  The "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea."  Id. at 702-03.  Accordingly, this claim is not proper for federal habeas review.

It is likewise clear that a Texas prisoner filing a federal habeas corpus petition who failed to challenge the sufficiency of the evidence supporting his conviction on direct appeal has procedurally defaulted on that claim and is barred from obtaining federal habeas review of same.  See Coleman v. Thompson, 111 S. Ct. 2546 (1991).  Petitioner did not challenge the sufficiency of the evidence supporting his guilty plea until he filed his state habeas corpus application, which was denied as an improper ground for relief under state habeas law.  Ex parte Johnson, p. 71.  Thus, his claims collaterally attacking the factual basis and evidentiary support for his guilty plea are procedurally barred from federal habeas review.  See Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004).  Habeas relief will be denied under this ground.

## D.  Illegal Sentence

The record shows that petitioner pleaded "true" to two enhancement paragraphs.  He complains that the trial court erred in

-14-

using these prior convictions to enhance his sentence under the habitual offender punishment statute to a second-degree felony instead of a third-degree felony. Although petitioner refers to this as a "defective indictment" claim, his true complaint is that his sentence was illegal under state law.

Petitioner's argument was rejected by the state court on collateral review under applicable state law provisions. The state court found that, "The punishment range of the instant offense was properly enhanced to a second degree felony because it was shown that Applicant had previously been convicted of two prior felony convictions, pursuant to Tex. Penal Code 12.42(a)(2)." Ex parte Johnson, p. 71.

A state inmate seeking federal habeas review of his conviction must assert a violation of a federal constitutional right. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Nobles v. Johnson, 127 F.3d 409, 422 (5th Cir. 1997). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a "super" state appellate court. Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995). The question before a federal habeas corpus court is not whether the state court correctly applied its own interpretation of state law; rather, the question

is whether the petitioner's federal constitutional rights were violated.

The state court's determination of this issue is not in conflict with established federal law, and is not an unreasonable determination of the facts in evidence.  No issue of federal constitutional dimension is shown, and petitioner is not entitled to habeas relief under this ground.

**E.   Actual Innocence**

Petitioner claims that he is actually innocent of the offense to which he pleaded guilty, and that he can prove it through "new evidence" in the form of Glenn Newton's affidavit.  Petitioner's argument is without merit.  The state habeas court found, and the record demonstrates, that petitioner was aware of the alleged defensive evidence of Glenn Newton before he pleaded guilty. Ex parte Johnson, pp. 70-71.  Although Glenn Newton's affidavit as a document may not have existed at the time petitioner pleaded guilty, the record is clear that petitioner was aware of Glenn Newton and his potential defensive evidence prior to the guilty plea.  The record also shows that petitioner did not inform his trial counsel of Glenn Newton or any other potential defensive evidence prior to the plea.  Accordingly, and even assuming "actual innocence" could be raised here, petitioner has not presented reliable new evidence of his actual innocence.  See Schlup v. Delo, 115 S. Ct. 851, 865 (1995).

-16-

The state court findings were neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor an unreasonable determination of the facts in light of the evidence presented in petitioner's state court proceedings.  Habeas relief under this ground will be denied.

Petitioner further argues he is actually innocent because the plea hearing record reveals that he verbally pleaded guilty to the unauthorized use of a "1978 Datsun truck," license number 2LT-T04, as owned by "James Wooden." Ex parte Johnson, Guilty Plea Hearing, pp. 65-66, lines 25, 1-3.  Petitioner notes, however, that the indictment and all other relevant documents refer to a "1979 Datsun truck," license number 2LT-T04, as owned by "James Woodham." Id. at 48.  Petitioner contends that this proves he pleaded guilty to unauthorized use of the wrong truck, requiring a new trial.

The state trial court denied habeas relief and signed its findings of fact on January 27, 2004.  The case was transmitted to and received by the Texas Court of Criminal Appeals on February 13, 2004.  Petitioner did not raise this issue until April 27, 2004, in a supplemental application and motion for leave to amend his state habeas application. Ex parte Johnson, Motion [to] Request Leave of Court and Supplemental Writ.  Nothing in the record shows that the Texas Court of Criminal Appeals considered this supplemental ground.  Accordingly, this ground was not exhausted in state court,

-17-

is now procedurally defaulted, and will not be considered by the court.

Nor do the discrepancies between the written confession and guilty plea and the oral proceedings regarding the car's model year and owner's name stand as "new evidence."  Petitioner was present at the oral hearing, agreed with the trial judge's statements, and entered both an oral and a written plea of guilty.  That petitioner did not "realize" the state court's misstatements until a year later does not make the misstatements "new evidence."

Habeas relief will be denied under these arguments.

## V.  <u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented deserve encouragement to proceed further.  <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).  Stated differently, where claims have been dismissed on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>Id</u>.  On the other hand, there is a two-prong test when the denial of relief is

based on procedural grounds.  In that situation, the peti-
tioner must show not only that "jurists of reason would find
it debatable whether the petition states a valid claim of the
denial of a constitutional right," but also that they "would
find it debatable whether the district court was correct in
its procedural ruling."  Id.  For the reasons stated above, the
court has determined that petitioner has not made the requisite
showing under the applicable standards, and a certificate of
appealability will be denied.

## VI.  Conclusion

The court **ORDERS** as follows:

1.    Respondent's motion for summary judgment (Docket
      Entry No. 15) is **GRANTED.**

2.    Petitioner's motion to amend his petition (Docket
      Entry No. 7) is **DENIED.**

3.    The petition for a writ of habeas corpus is **DENIED.**

4.    This cause of action is **DISMISSED with prejudice.**

5.    A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 13th day of May, 2005.

_____
          SIM LAKE
UNITED STATES DISTRICT JUDGE

-19-